UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO.  5:10-260

JUDITH TOOMEY, *Individually and as*
*Administratrix of Ronald T. Toomey's Estate*,                                         PLAINTIFF,

v.                                                   **OPINION AND ORDER**

UNITED STATES OF AMERICA;
MEADOWVIEW REGIONAL MEDICAL CENTER, LLC,
LIFEPOINT HOSPITALS, INC.,
JAMES A. YOUNG, M.D.,
MARSHALL EMERGENCY SERVICES ASSOCIATES, P.S.C.,
RICHARD HARTMAN, M.D.,
MAYSVILLE RADIOLOGY ASSOCIATES, P.S.C.,
LP AUGUSTA, LLC, d/b/a Bracken County
Nursing & Rehabilitation Center,
FRAN STAHL, in her capacity as Administrator of Bracken
County Nursing & Rehabilitation Center,
SHELLEY APPLEGATE, R. N., in her capacity as Director of
Nursing of Bracken County Nursing and Rehabilitation Center,
UNIVERSITY OF KENTUCKY MEDICAL CENTER,
UNIVERSITY HOSPITAL OF THE ALBERT B. CHANDLER
MEDICAL CENTER, INC., STEPHANIE MURPHY, M.D.
GAYLE *(last name unknown)*, R.N.,                                         DEFENDANTS.

* * * * * * * * * * *

This matter is before the Court on the United States of America's Motion to Dismiss. [DE 104.]  For the following reasons, the motion will be GRANTED.  With the dismissal of the federal claim against the United States, this Court no longer has original jurisdiction over any claim in this matter.  Pursuant to 28 U.S.C. § 1367(c), the Court will exercise its discretion to dismiss without prejudice the remaining claims in this action all of which arise under state law.

   **I.**      **Facts.**

The Plaintiff is the widow of Ronald T. Toomey. She asserts claims individually and as the administratrix of Mr. Toomey's estate. The Plaintiff filed her initial complaint in this matter on July 30, 2010 naming fourteen defendants which, for simplification, can be grouped into four sets.

The first set of defendants is made up only of the United States.  For her claim against the United States, the Plaintiff asserts that Mr. Toomey became a patient of the Veterans Administration Medical Center beginning on or about April 19, 2008 and of the Veterans Administration Leestown Rehabilitation Center beginning on or about April 25, 2008. The Plaintiff asserts that her husband died as a result of the negligent acts of the VA Medical Center and VA Leestown Rehabilitation Center.

The second set of defendants the Court will label the "Meadowview Defendants."  It consists of six defendants:  Meadowview Regional Medical Center, LLC; Dr. James A. Young and his alleged employer, Marshall Emergency Services Associates, P.S.C.; Dr. Richard Hartman; Maysville Radiology Associates, P.S.C.; and Lifepoint which the Plaintiff asserts owns Meadowview Regional Medical Center, LLC. The Plaintiff asserts that Mr. Toomey was a patient of the Meadowview Defendants beginning on or about April 16, 2008 and that he died as a result of the negligence of these defendants.

The third set of defendants the Court will label the "Bracken County Nursing Defendants." It consists of three defendants: Augusta, LLC d/b/a Bracken County Nursing and Rehabilitation Center, its alleged Administrator Fran Stahl,  and its alleged Director of Nursing, Shelley Applegate.  The Plaintiff asserts that Mr. Toomey was admitted to the Bracken County Nursing and Rehabilitation Center on or about July 3, 2008 and that he died as a result of the negligence of these defendants.

The fourth set of defendants the Court will label the "University Defendants." It consists of four defendants: University of Kentucky Medical Center, University Hospital of the Albert B. Chandler Medical Center, Inc., Dr. Stephanie Murphy, and a Registered Nurse named Gayle whose last name is unknown to the Plaintiff. The Plaintiff asserts that, on or about July 2, 2009, Mr. Toomey was a patient of these defendants and that he died as a result of the negligence of these defendants.

2

The Plaintiff asserts negligence claims against all of the Defendants.  Against the United States and the Bracken County Nursing Defendants, the Plaintiff also asserts negligence per se claims based on violations of various state statutes and a claim that these defendants violated Mr. Toomey's rights as a resident of a long-term care nursing facility under Kentucky state statute KRS § 216.510, *et. seq*. In her individual capacity, the Plaintiff asserts a claim for loss of spousal consortium against each of the Defendants.

The Plaintiff asserts her claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*. The FTCA requires Plaintiffs to exhaust their remedies prior to instituting an action in federal court, providing that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

There is no dispute that, at the time the Plaintiff filed her original complaint, she had not exhausted her administrative remedies. After filing the original complaint, the Plaintiff filed a motion to stay this matter. [DE 3.]  In the motion, she explained that contemporaneously with the filing of the complaint, she had filed a Form 95, Federal Tort Claim with the United States but that, because of statute of limitations issues, she could not delay filing her claim against the other Defendants while the United States considered her claim. The Plaintiff asked the Court to hold the matter in abeyance until the United States responded to her claim or the expiration of six months, whichever were to occur sooner.  The motion was unopposed and the Court granted it on September 23, 2010. [DE 37.].

On February 8, 2011, the Plaintiff moved to transfer this matter to the Court's active docket

[DE 38] stating that, on January 20, 2011, she received notification from the United States that both of her administrative tort claims had been denied.  The Plaintiff asserted in her motion that she had now complied with the FTCA's exhaustion requirement.  The Court granted that motion and lifted the stay of the case.  [DE 39.]

The United States moved to dismiss the complaint asserting that the Plaintiff had not exhausted her administrative remedies before filing her complaint in district court.  [DE 57, Mem. at 6].  On May 13, 2011, the Plaintiff moved for leave to file an Amended Complaint stating that her administrative claims had been formally denied by the United States on January 20, 2011 and, thus, she had exhausted her administrative remedies. She stated that the Amended Complaint was offered to "cure the jurisdictional defect" in the original complaint.  [DE 70.]   No party opposed the motion to amend the complaint and, by order dated August 2, 2011 [DE 102], this Court granted the motion and ordered the Amended Complaint filed in the record of this matter.  [DE 103.]

The United States then filed a motion to dismiss the Amended Complaint [DE 104], again asserting that the Plaintiff had failed to exhaust her administrative remedies before filing the initial complaint and that the Amended Complaint did not cure her failure to comply with the FTCA's exhaustion requirements before instituting the action. This is the motion currently before the Court.

Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction. In her Amended Complaint, the Plaintiff asserts that this Court has jurisdiction over this action pursuant to the FTCA, 28 U.S.C. § 1346 [DE 103, ¶¶ 1, 5] which provides that district courts have exclusive jurisdiction over claims against the United States for damages caused by the negligence of federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The Plaintiff asserts that this Court has supplemental jurisdiction over the state law claims against the other Defendants under 28 U.S.C. § 1367(a) [DE 103, ¶ 2] which provides that, in any civil action in which this Court has original jurisdiction, it "shall

4

have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."   Thus, if the claims against the United States are dismissed, this Court would no longer have original jurisdiction over any claims in this action.

II.     **Analysis.**

A.     **FTCA Claim.**

A lawsuit filed under the FTCA prior to the exhaustion of a claimant's administrative remedies is premature and must be dismissed for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Singleton v. United States*, 277 F.3d 864, 873 (6th Cir. 2002). The Supreme Court has noted that the purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation. *McNeil*, 508 U.S. at 106, 112, n. 7 (1993). "The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id*. at 112.

The Plaintiff instituted this action with a complaint filed on July 30, 2010.  The Plaintiff concedes that she filed the complaint without first presenting a claim to the United States and that, therefore, the complaint did not comply with 28 U.S.C. § 2675(a).  She argues, however, that the "non-compliance was cured" when she filed the Amended Complaint after she had presented an administrative claim to the United States and the United States denied the claim. The Plaintiff argues that she effectively instituted a new action when she filed the Amended Complaint.

"[A]s a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting *Sparrow v. USPS*, 825 F.Supp. 252, 254-55 (E.D.Cal.1993)); *see also Boege v. Gallagher*, No. 10-00565 LEK-KSC, 2011 WL 2746324, at * 1 (D. Hawaii July 11, 2011); *Hurt v. Smith*, No.

1:09–cv–00698–MJS (PC), 2011 WL 43474, at *3 (E.D.Cal. Jan. 6, 2011); *Johnson v. Sullivan*, 748 F.Supp. 2d 1, 14 (D.D.C. 2010).

This is because "[a]llowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan*, 188 F.3d at 1199.

The Plaintiff cites no cases holding that the filing of an amended complaint constitutes the institution of a new suit for purposes of the FTCA. The Plaintiff cites *Duplan* in which the Tenth Circuit found that the district court properly construed the amended complaint as instituting a new action against the government. *Id*. at 1200.  However, that was because, in that case, the government "agreed that the amended complaint effectively constituted a new action and agreed to administrative closure of the first action pending exhaustion." *Id*. at 1199.   There has been no such agreement by the government in this case.

The Plaintiff argues that the Court treated the Amended Complaint as the institution of a new suit because it granted the Plaintiff's motion to amend her complaint.  [DE 136, at 5].  This is incorrect.  The Court granted the Plaintiff's unopposed motion to amend her complaint but at no time stated, implied, or was even asked to decide, that the Amended Complaint should be treated as the institution of a new suit under the FTCA.  The Court's granting of the motion to amend the complaint cannot in any way be viewed as a statement that the Amended Complaint instituted a new suit for purposes of the FTCA.

Similarly, the Plaintiff argues that the United States treated her Amended Complaint as a new suit because it did not oppose her motion to file it.  This is also incorrect. The United States' failure to oppose the motion to amend the complaint cannot be construed as a statement that the Amended Complaint instituted a new suit for purposes of the FTCA.

6

The Plaintiffs have cited no reason why the Amended Complaint in this action should be viewed as instituting a new suit. Accordingly, the Plaintiff failed to exhaust her administrative remedies before instituting this action as required by 28 U.S.C. § 2675(a) and her action against the United States must be dismissed.  Because the Court is dismissing the claim for lack of subject matter jurisdiction, it will dismiss the claim without prejudice.  In so doing, the court makes no judgment regarding whether the FTCA permits the Plaintiff to institute a new action against the United States.

**B.      State Law Claims.**

The Plaintiff states in her complaint that the Court's jurisdiction over her state law claims is found in the supplemental jurisdiction provided in 28 U.S.C. § 1367(a). If all claims over which the court has original jurisdiction are dismissed before trial, the court may decline to continue to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). "It is generally recognized that where . . . federal issues are dismissed before trial, district courts should decline to exercise [supplemental] jurisdiction over state law claims." *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987).

The Court finds that no prejudice would result from dismissing the remaining state law claims. There has been no discovery in this action and no trial date set.  Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), this Court will exercise its discretion and will dismiss all of the remaining state law claims in this action. The claims will be dismissed without prejudice because, pursuant to 28 U.S.C. § 1367(d), the Plaintiff has at least 30 days in which to file her state law claims in state court.

7

**III.      Conclusion.**

For all these reasons, the Court hereby ORDERS as follows:

1)      the United States' Motion to Dismiss [DE 104] is GRANTED and the Plaintiff's claims against the United States are hereby DISMISSED without prejudice for lack of subject matter jurisdiction;

2)      all claims against the remaining defendants -- the Meadowview Defendants, the Bracken County Nursing Defendants, and the UK Defendants -- are hereby DISMISSED without prejudice pursuant to 18 U.S.C. § 1367(c) and (d); and

3)      all pending motions in this matter are hereby DENIED as moot.

Dated this 14th day of March, 2012.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**

8